LOUISE E. HUNT *vs.* ELIJAH T. BESSEY.

Kennebec.    Opinion May 7, 1902.

*Bills and Notes.    Pledge.    R. S., c. 91, §§ 57, 58.*

The holder of a valid negotiable promissory note, transferred to him by the payee as collateral security, may transfer it to a third party without consideration for the purpose of collection.

It is no defense to such an action that the maker has paid the note to the payee, while it was still in the hands of the pledgee or his transferee, although he promised to procure its surrender from the holder.

The pledgee of a negotiable promissory note may transfer it to a third person for collection, notwithstanding the provision of R. S., c. 91, §§ 57,58, requiring pledges to be sold at public auction after notice.

On report.    Judgment for plaintiff.

Assumpsit on a promissory note in the superior court for Kennebec county.

The case is stated in the opinion.

*Jos. Williamson, Jr., and L. A. Burleigh,* for plaintiff.

*W. C. Philbrook,* for defendant.

Besides R. S., c. 91, §§ 57, 58, counsel also cited *Fisher* v. *Bradford,* 7 Maine, 28, and *Waterman* v. *Merrow,* 94 Maine, 237, 242.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

PEABODY, J.    This is an action of assumpsit to recover the amount of a promissory note by the holder against the maker, and is before this court on report.    The note is as follows:

"$35.                        JACKSON, ME. Sept. 18, 1897.

On demand after date, for value received I promise to pay to A. B. Snow, or bearer, the sum of thirty-five dollars, with interest.

E. T. BESSEY."

On the twenty-second day of September, 1897, it came into the possession of the Peoples' National Bank, of Belfast, Maine, as collateral security for a note of six hundred dollars, given on that day by A. B. Snow to the bank. The six hundred dollar note not being paid, this collateral note was transferred by the bank to the plaintiff, without consideration, for the purpose of collection by suit.

The defendant claims in defense:

I. That he paid the note to the payee, A. B. Snow, taking his receipt for the same,. which is as follows:

"JACKSON, ME. Dec. 10, 1898.

Received amount due in full for the note of E. T. Bessey.

A. B. SNOW."

Snow at the time informed him that the note was in the bank at Belfast and promised to give it to him; but failed to do so and subsequently absconded. The defendant received notice from the bank requesting payment, and he testifies that he then notified the bank that the note had been paid. This the cashier in his testimony contradicts and exhibits the letter of the defendant relative to the note, as follows:

"BROOKS, Feb. 17, 1899.

Frank R. Wiggin,

Dear Sir: .

In regard to the note I shall be in and see you next week. Should have come in this week but have had sickness and so could not come. Do not make any costs on it. I will see it is fixed next week.                    Respectfully yours,

E. T. BESSEY."

In connection with the alleged payment, the defendant claims that it is available as a defense because the note was not legally transferred to the bank, it being held simply in pledge, and consequently it remained the property of the pledgeor. In support of this contention his counsel cites R. S., c. 91, §§ 57, 58.

But it was a negotiable note, and was transferred by delivery. The bank was the legal holder and its rights could not be affected by the payment to Snow, who neither claimed to act for the bank, nor to have possession or any title to the note; and so far as the rights of the defendant are concerned it matters not whether the bank held the note as absolute owner or as pledgee.

When the alleged payment was made the defendant was informed that the note was in the bank, and there was no pretense that it could be obtained without payment to the holder. The defendant saw fit to trust the payee to obtain and surrender it. This ground of defense is untenable.

II.   He claims that the plaintiff has no right of action as she is not the owner of the note; but as it was delivered to the plaintiff to sue for the benefit of the real owner, she may do this in her own name. *Baker* v. *Stinchfield,* 57 Maine, 363; *Ticonic Bank* v. *Bagley,* 68 Maine, 249.

*Judgment for plaintiff.*